**Appeal No. 2022-1624**

# In the
# United States Court of Appeals
# for the Federal Circuit

JUMP ROPE SYSTEMS, LLC,

*Plaintiff-Appellant,*

v.

COULTER VENTURES, LLC, dba Rogue Fitness,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio, No. 2:18-cv-00731-MHW-CMV.
The Honorable **Michael H. Watson**, Judge Presiding.

## PETITION FOR INITIAL HEARING EN BANC

ROBERT P. GREENSPOON
DUNLAP BENNETT & LUDWIG PLLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601
(312) 551-9500
rgreenspoon@dbllawyers.com

*Counsel for Plaintiff-Appellant Jump Rope Systems, LLC*

COUNSEL PRESS · (866) 703-9373 PRINTED ON RECYCLED PAPER

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1624

**Short Case Caption** Jump Rope Systems, LLC v. Coulter Ventures, LLC

**Filing Party/Entity** Jump Rope Systems, LLC

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/13/2022

Signature: /s/Robert P. Greenspoon

Name: Robert P. Greenspoon

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Jump Rope Systems, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Sebaly Shillito & Dyer | LIMPUS + LIMPUS, PC | James A. Dyer |
| Daniel J. Donnellon | Christopher L. Limpus | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

INTRODUCTION .......... 1

STATEMENT OF THE CASE .......... 2

ARGUMENT .......... 4

XY, LLC Was Wrongly Decided, Directly Conflicts With Supreme Court Precedent, and Should Be Overruled by the En Banc Court. .......... 4

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Association of Community Organizations for Reform Now (ACORN) v. Edgar*,
99 F.3d 261 (7th Cir. 1996) .......... 3, 4

*B&B Hardware, Inc. v. Hargis Indus.*,
575 U.S. 138 (2015) .......... passim

*B&B Hardware, Inc. v. Hargis Indus.*,
135 S. Ct. 1293 (2015) .......... 12

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
402 U.S. 313 (1971) .......... 7

*Chrimar Systems, Inc. v. ALE USA Inc.*,
785 Fed. Appx. 854 (Fed. Cir. 2019) .......... 7, 8

*Chrimar Systems, Inc. v. ALE USA Inc.*,
141 S. Ct. 160 (2020) .......... 8

*Cisco Systems, Inc. v. Capella Photonics, Inc.*,
Case No. 20-cv-01858-EMC, 2020 WL 7227153
(N.D. Cal. Dec. 8, 2020) .......... 4, 12

*Downey v. State Farm Fire & Cas. Co.*,
266 F.3d 675 (7th Cir. 2001) .......... 4

*Grogan v. Garner*,
498 U.S. 279 (1991) .......... passim

*Jump Rope Systems, LLC v. Coulter Ventures, LLC*,
2021 WL 4592276 (Fed. Cir. 2021) .......... 3

*Microsoft Corp. v. i4i Ltd. P'ship*,
564 U.S. 91 (2011) .......... 11, 12

*Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*,
602 Fed. Appx. 232 (6th Cir. 2015) .......... 4

*Sanofi-Aventis U.S. LLC v. Mylan GmbH*,
2021 WL 6138216 (Fed. Cir. Dec. 29, 2021) .......... 12

*Sanofi-Aventis U.S. LLC v. Mylan GmbH*, Civil Action No. 17-9105 (SRC), 2019 WL 4861428 (D. N.J. Oct. 2, 2019) .......... 11, 12

*Taylor Brands, LLC v. GB II Corp.*, 627 F.3d 874 (Fed. Cir. 2010) .......... 3

*Williams v. Catoe*, 946 F.3d 278 (5th Cir. 2020) .......... 5

*XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018) .......... passim

**STATUTES**

35 U.S.C. § 315(e) .......... 11

35 U.S.C. § 316(e) .......... 10, 11

35 U.S.C. § 318(b) .......... 11

**OTHER AUTHORITIES**

18 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4417, p. 449 (2d ed. 2002) .......... 12

18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4422 (3d ed. 1998; 2022 update) .......... 10

Restatement (Second) of Judgments § 27 (1982) .......... 9

Restatement (Second) of Judgments § 28 (1982) .......... 7

Restatement (Second) of Judgments § 28(4) (1982) .......... passim

Restatement (Second) of Judgments § 29 (1982) .......... 7

Robert K. Huffman, *Federal Circuit Decisions on Government Contracts: Insights from the Roundtable*, 24 NASH & CIBINIC REP. ¶ 7 (Feb. 2010) .......... 5

## STATEMENT UNDER FEDERAL RULE OF APPELLATE PROCEDURE 35(b) AND FEDERAL CIRCUIT RULE 35(b)(1)

Based on my professional judgment, I believe that en banc review is required because the controlling panel decision, *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018) , conflicts with the Supreme Court's decisions in *Grogan v. Garner*, 498 U.S. 279 (1991), and *B&B Hardware, Inc. v. Hargis Indus*., 575 U.S. 138 (2015).

/s/ Robert P. Greenspoon
*Attorney of Record for Plaintiff-Appellant Jump Rope Systems, LLC*

Appellant Jump Rope Systems, LLC, ("JRS") respectfully petitions that this Court initially hear this appeal en banc to address the clear conflict between the panel decision in *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), and the Supreme Court's decisions in *Grogan v. Garner*, 498 U.S. 279 (1991), and *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138 (2015) (among others).

## INTRODUCTION

In *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), a divided panel of this Court held that the collateral estoppel doctrine applies to a patent infringement action in federal district court when the plaintiff in that case previously lost on appeal before this Court on review of a determination by the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office (USPTO) that a claim was unpatentable. *Id.* at 1294-95. Judge Newman dissented. She reasoned that the majority had erred by applying collateral estoppel despite the "different standards of validity in the PTAB and the district court, the different burdens of proof, and the different standards of appellate review in this court . . . ." *Id.* at 1300 & n.1. Neither this Court nor the Supreme Court have had the opportunity to review the split, since after the 2-1 panel decision, no party filed either a rehearing petition or a cert petition.

As discussed below, Judge Newman was correct, and her dissenting opinion is validated by the Supreme Court's decisions in *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991), and *B&B Hardware, Inc. v. Hargis Indus*., 575 U.S. 138 (2015). The en banc court should overrule the panel decision in *XY, LLC*. That decision interferes with the correct functioning of the United States patent system, leaving courts and stakeholders to believe incorrectly that hundreds (maybe thousands) of valuable patents are categorically invalid when they are not.

## STATEMENT OF THE CASE

On July 18, 2018, JRS filed a patent infringement lawsuit in the United States District Court in the Southern District of Ohio. ECF Doc. 1. After Appellee Coulter Ventures filed its answer, the district court on May 7, 2019, stayed the litigation pending resolution of an *inter partes* review petition filed with the USPTO concerning the same two patents at issue in the federal court action (U.S. Patent Nos. 7,789,809 and 8,136,208). ECF Doc. 33.

On July 17, 2020, the PTAB issued its final written decisions holding that all of JRS's claims of U.S. Patent Nos. 7,789,809 and 8,136,208 were unpatentable. JRS appealed to this Court, which affirmed the PTAB's determinations on October 6, 2021, and issued this Court's mandate on

November 21, 2021. *Jump Rope Systems, LLC v. Coulter Ventures, LLC*, 2021 WL 4592276 (Fed. Cir. 2021).

Thereafter, in the district court, the parties filed a Final Joint Status Report, explaining what had occurred in the related PTAB proceedings and agreeing that the federal district court was bound to apply collateral estoppel—automatically and without consideration of potential exceptions—by this Court's decision in *XY, LLC*, *supra*. ECF Doc. 46, at 2. In that report, JRS explicitly objected to entry of judgment, noted that respect for the rule of law required it to stipulate to a form of judgment against it because of ostensibly binding panel precedent of this Court, and stated its intent "to seek *en banc* review" in this Court to request that the panel decision in *XY, LLC* be overruled. *Id.* at 4.

On March 9, 2022, the district court entered a consent judgment based on *XY, LLC.*[1] On March 29, 2022, JRS filed a timely notice of appeal. ECF

[1] This Court and other circuits have permitted appeals from a consent judgment when the appellant explicitly reserved the right to appeal in the district court. *Taylor Brands, LLC v. GB II Corp.*, 627 F.3d 874, 878 (Fed. Cir. 2010) ("A party who consents to the substance of a judgment should indeed be presumed to have waived its right to appeal – *absent an express reservation of that right on the record* – because voluntarily agreeing to an adverse substantive outcome is an indication that the party has abandoned its underlying claims or defenses.") (emphasis added); *Association of Community Organizations for Reform Now (ACORN) v. Edgar*, 99 F.3d 261, 262 (7th Cir. 1996) ("A party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal.")

Doc. 48. The Clerk of this Court issued a briefing order, requiring JRS's opening brief to filed with the panel by June 13, 2022. JRS now files this petition for initial en banc hearing in time to receive a decision in advance of the briefing deadline.

## ARGUMENT

### *XY, LLC Was Wrongly Decided, Directly Conflicts With Supreme Court Precedent, and Should Be Overruled by the En Banc Court.*

The en banc Court should afford the earliest possible review of the important, recurring collateral estoppel issue raised in this petition. *See Cisco Systems, Inc. v. Capella Photonics, Inc.*, Case No. 20-cv-01858-EMC, 2020 WL 7227153, at *3-*4 (N.D. Cal. Dec. 8, 2020) (noting the same collateral estoppel issue in patent infringement lawsuits throughout the district courts, all uniformly following *XY, LLC* to require automatic application, without exception, of collateral estoppel). The resolution of this issue is simple and is clearly dictated by binding Supreme Court precedent. It would be waste of

---

(citing cases from several circuits); *see also Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 683 (7th Cir. 2001) (same, citing cases, noting "almost every circuit" to consider the issue agrees that reservation of the issue preserves the appeal); *cf. Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 602 Fed. Appx. 232, 237 (6th Cir. 2015) (nonprecedential) (recognizing "exceptions" to consent-bar and citing Seventh Circuit authority relying on *Downey*). As noted above, JRS explicitly reserved its right to appeal when agreeing to a form of judgment against it.

judicial resources to send this case initially to a three-judge panel when the ultimate destination of the case would be before this Court en banc (or the Supreme Court) based on the clear conflict between the panel decision in *XY, LLC* and the Supreme Court's decisions in *Grogan* and *B&B Hardware, Inc.*

In such circumstances, an initial hearing en banc is "an efficient means" of deciding the case "without requiring the matter to percolate uselessly through a panel." *Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (unanimous en banc initial hearing); *see also* Robert K. Huffman, *Federal Circuit Decisions on Government Contracts: Insights from the Roundtable*, 24 NASH & CIBINIC REP. ¶ 7, at 27-28 (Feb. 2010) (quoting former Federal Circuit Chief Judge Michael, who stated that it is "perfectly appropriate for an appellant . . . to argue that en banc initial consideration . . . is appropriate years after a prior precedent relevant to the appeal on the basis that the prior precedent was wrongly decided").

As discussed above, in a 2-1 decision, a panel of this Court in *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), held that collateral estoppel categorically and without exception applies to a patent infringement case in federal district court when the plaintiff in that case previously lost on appeal before this Court on review of the PTAB's determination that a claim was unpatentable. *Id.* at 1294-95. Judge Newman

vigorously dissented, reasoning, among other things, that the majority had erred in view of the "different standards of validity in the PTAB and the district court, the different burdens of proof, and the different standards of appellate review in this court . . . ." *Id.* at 1300; *see also id.* at 1300 n.1 ("My colleagues rely on this panel's concurrent affirmance of the PTAB's invalidation of the Freezing Patent in a non-mutual proceeding, *XY, LLC v. ABS Global, Inc.*, Appeal No. 16-2228. On the standard of 'substantial evidence,' the PTAB decision is supportable. However, on the district court's standard of 'clear and convincing evidence,' or even applying the standard of 'preponderant evidence,' the Freezing Patent retains validity."). Judge Newman further noted that the Supreme Court's own seminal decision itself concerning patent invalidity collateral estoppel reserved exceptions that may be proved before that doctrine applies.

> The Court teaches that estoppel is not routinely automatic. In *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971), for example, the Court rejected the position "that a plea of estoppel by an infringement or royalty suit defendant must automatically be accepted once the defendant in support of his plea identified the issue in suit as the identical question finally decided against the patentee or one of his privies in previous litigation." *Id.* at 332-33.

*Id.* at 299-300.[2]

Judge Newman cited §§ 28 and 29 of the Restatement (Second) of Judgments. *Id.* at 1300. She also explained that applying the collateral estoppel doctrine under the circumstances "raises critical issues of constitutional balance" between an administrative agency and Article III federal courts. *Id.* at 1301. Judge Newman was prescient. For example, panel of this Court later applied *XY, LLC* to vacate a final, affirmed jury verdict and judgment of patent infringement, even where no issue remained on appeal concerning the patents that supported the judgment amount. *Chrimar Systems,*

---

[2] In future district court proceedings after the remand sought here, JRS expects additionally to be able to support the *Blonder-Tongue* exception that the PTAB panel "wholly failed to grasp the technical subject matter and issues in suit," 402 U.S. at 333, for example by positing a "reason to combine" based on a prior art deficiency that "is" a problem, rather than one *perceived* to be a problem. Such a viewpoint on the patent law, if widespread, would lead to the preposterous outcome that every game-changing invention is unpatentable, from the very fact it solved problems. This issue would not need to be reached here or in the district court if the en banc Court accepts JRS's main argument on different proof standards.

*Inc. v. ALE USA Inc.*, 785 Fed. Appx. 854 (Fed. Cir. 2019) (nonprecedential) (only issue on appeal remaining was how completely appellee had voluntarily dismissed a patent irrelevant to the judgment amount), *cert denied*, 141 S. Ct. 160 (2020).

Judge Newman was clearly correct, and her dissenting opinion is fully supported by the Supreme Court's decision in *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991). In *Grogan*, the Court addressed the same collateral estoppel issue raised in *XY, LLC*: whether a prior adjudication of a claim against a party requires application of collateral estoppel when a subsequent litigation involving the same party is governed by a different standard of proof than applied in the prior adjudication. Citing § 28(4) of the Restatement (Second) of Judgments, the Supreme Court held that collateral estoppel does *not* apply in those circumstances. *Grogan*, 498 U.S. at 284-85.

The Court in *Grogan* addressed the issue in the context of a bankruptcy proceeding in which a debtor sought to be discharged from a debt that, the creditor argued, had been obtained by fraud. The creditor previously had sued the debtor in a state court fraud action based on a preponderance standard of proof. The creditor obtained a final judgment that the debtor had obtained money from the creditor by fraud. The issue in a subsequent bankruptcy proceeding was whether the prior judgment against the debtor collaterally

estopped him from discharging that debt in the bankruptcy proceeding, under a clear and convincing standard. *See Grogan*, 498 U.S. at 281. The Supreme Court explained that:

> At the outset, we distinguish between the standard of proof that a creditor must satisfy in order to establish a valid claim against a bankrupt estate and the standard that a creditor who has established a valid claim must still satisfy in order to avoid dischargeability. The validity of a creditor's claim is determined by rules of state law. . . . Since 1970, however, the issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code. . . .

*Id.* at 283-84. The Court then concluded:

> This distinction is the wellspring from which cases of this kind flow. In this case, a creditor who reduced his fraud claim to a valid and final judgment in a jurisdiction that requires proof of fraud by a preponderance of the evidence seeks to minimize additional litigation by invoking collateral estoppel. If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action. *See* Restatement (Second) of Judgments § 27 (1982). *If, however, the clear-and-convincing standard applies to nondischargeability, the prior judgment could not be given collateral estoppel effect.* [*Id.*] *§ 28(4). . . .*

*Id.* at 284 (emphasis added);[3] *see also* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4422 (3d ed. 1998; 2022 update) ("Preclusion also has been denied when a party who has proved an issue by a preponderance of the evidence later must prove the same issue by a higher standard."). The collateral estoppel issue addressed in *Grogan* is the same one raised in *XY, LLC*, although in the context of a patent infringement lawsuit rather than in a bankruptcy proceeding—a distinction without a difference, as discussed below.

Significantly, a presumption of patent validity does not apply in a proceeding before the PTAB. In such a proceeding, a petitioner's burden is to demonstrate the factual elements of obviousness by a preponderance of the evidence. Congress codified this PTAB standard of proof at 35 U.S.C. §

[3] Section 28(4) provides:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances . . . The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action . . . .

Restatement (Second) of Judgments § 28(4) (1982).

316(e), fully aware of the background law embodied in *Grogan* and the Restatement. Yet Congress enacted no *Grogan* exception to allow collateral estoppel under the present scenario (though it could have). It instead provided for a particular future forward-looking "certificate" to be placed in the record of the patent, to inform the public of the respective patentability or unpatentability decisions, and "cancelling" claims found unpatentable as of the date of such certificate with no statement of backward-looking effect. 35 U.S.C. § 318(b). In fact, where Congress did alter collateral estoppel standards, it did so solely to burden losing petitioners, not losing patent owners. 35 U.S.C. § 315(e).

Conversely, in a patent infringement lawsuit in federal district court, the alleged infringer must prove patent invalidity by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011); *see also Sanofi-Aventis U.S. LLC v. Mylan GmbH*, Civil Action No. 17-9105 (SRC), 2019 WL 4861428, at *1 (D. N.J. Oct. 2, 2019) (holding that PTAB's determination of unpatentability had no preclusive effect in subsequent patent infringement lawsuit because the "'issues are not identical [under the collateral estoppel doctrine] if the second action involves application of a different legal standard'") (quoting *B&B Hardware, Inc. v. Hargis Indus.*, 575

U.S. 138, 154 (2015)),[4] *dismissed as moot*, 2021 WL 6138216 (Fed. Cir. Dec. 29, 2021). Notably, the panel in *XY, LLC* did not cite *Grogan.* The parties' briefs in that case also did not cite it, which is understandable, considering

---

[4] The district court in *Sanofi-Aventis U.S. LLC* stated:

> Sanofi . . . argues that issue preclusion or collateral estoppel cannot apply where, as here, the first and second proceedings apply different burdens of proof. Sanofi points out that the presumption of patent validity did not apply before the PTAB, and that, in that proceeding, the Petitioner's burden was to demonstrate obviousness by a preponderance of the evidence. In the instant proceeding, Mylan must prove invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011).
>
> Mylan, in reply, does not dispute Sanofi's assertions about the differing burdens of proof but, rather, contends that the Supreme Court rejected such distinctions in *B&B Hardware*. The cited portion of *B&B Hardware* does not, however, support Mylan's position, since it holds merely that the procedural differences between the PTAB and district courts do not bar issue preclusion. 135 S. Ct. at 1309. Sanofi's argument here does not rely on procedural differences but on differences in the legal standard, and the *B&B Hardware* decision states clearly: "[I]ssues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same." [575 U.S. 138, 154], 135 S. Ct. 1293, 1306 (quoting 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4417, p. 449 (2d ed. 2002)).

*Sanofi-Aventis U.S. LLC*, 2019 WL 4861428, at *1. Though *Sanofi-Aventis* reached the correct outcome advocated in this petition, that case did not help JRS because (1) it is a nonbinding district court decision, and (2) it was later distinguished on grounds that the PTAB decision by then had not yet been affirmed in this Court. *See Cisco Systems, Inc.*, *supra*.

that the panel raised the collateral estoppel issue *sua sponte*. *See XY, LLC*, 890 F.3d at 1294.

The Supreme Court's adoption of the Restatement's approach to collateral estoppel is not limited to bankruptcy cases. The Court has expressly cited the Restatement with approval in other types of cases, including intellectual property litigation. *See B&B Hardware, Inc.*, 575 U.S. at 148 ("The Court . . . regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion.") (addressing effect of collateral estoppel doctrine in a federal district court case regarding a prior ruling of the Trademark Trial and Appeal Board). In *B&B Hardware, Inc.*, the Court specifically stated that that "issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same." *Id.* at 154. Therefore, in view of both *Grogan* and *B&B Hardware*, this Court's decisions about collateral estoppel in patent cases are clearly governed by Restatement (Second) of Judgments § 28(4). At minimum, if this Court concludes a patent law-specific rule is warranted, it should do so only after deliberation by all of its active members, with full briefing on contrary Supreme Court and Restatement jurisprudence, and informed by views of interested *amici* from all industries and perspectives.

Judge Newman's dissent in *XY, LLC* pointed out the significant differences in (1) the standards of validity in the PTAB and the district court, (2) the applicable burdens of proof, and (3) the standards of appellate review in this court. *XY, LLC*, 890 F.3d at 1300 (Newman, J., dissenting). Therefore, under § 28(4), for the reasons set forth in *Grogan* and *B&B Hardware, Inc.*, and in Judge Newman's dissent, the PTAB's determinations that JRS's claims are unpatentable are not subject to collateral estoppel in the patent infringement action in the district court. Since this issue affects the very structure of the patent system—the interrelation between decisions of administrative agencies and Article III courts on the identical issue—this Court should address this recurring, important issue as a full en banc court.

## CONCLUSION

For the foregoing reasons, this Court should grant JRS's petition for initial hearing en banc on the important, recurring issue raised in this petition, reverse the judgment of the district court, and remand for further proceedings. On remand, the Article III court can then determine whether, in fact, JRS's patents are invalid on the facts and the law. Prejudging the question through the vehicle of collateral estoppel contravenes clear Supreme Court law.

Dated: April 19, 2022

Respectfully submitted,

/s/ Robert P. Greenspoon

Robert P. Greenspoon
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave
Suite 2700
Chicago, IL 60601
P: (312) 551-9500
rgreenspoon@dbllawyers.com

*Attorney for Plaintiff-Appellant*
*Jump Rope Systems, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1624

**Short Case Caption:** Jump Rope Systems, LLC v. Coulter Ventures, LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 3,367 words.

- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.

- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 04/19/2022

Signature: /s/ Robert P. Greenspoon

Name: Robert P. Greenspoon

Save for Filing